## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

**LION'S DEN ENTERPRISES INC. D/B/A IMPERIAL MOVING AND STORAGE and NORBER HOLDINGS, LLC**

                                       Plaintiffs,

- against -

**IMPERIAL MOVING GROUP LLC;  AND DANIEL METZ**

                                     Defendants.

Docket No.

**VERIFIED COMPLAINT AND JURY DEMAND**

------------------------------------------------------------ x

### COMPLAINT

Plaintiffs, Lion's Den Enterprises Inc. d/b/a Imperial Moving and Storage and Norber Holdings LLC, by way of complaint against Defendant, Imperial Moving Group LLC;, allege and say:

### JURISDICTION AND VENUE

1.  This is an action for damages under the Lanham Act for the willful infringement of the Plaintiffs' trademarks, causing actual confusion and damaging the Plaintiffs in thier business as a licensed mover and warehouseman.

2.  This court has original jurisdiction pursuant to 15 U.S.C. § 1121(a) as is arises under Title 15 of the U.S. Code, Chapter 22 (the "Lanham Act") and involves Defendant's infringement of the federally registered and common law trademarks owned by Plaintiff, Defendant's false designation of origin under 15 U.S.C. § 1125(a), and 15 U.S.C. §§1114, 1117 and 1125 in relation to the use of domain names similar to Plaintiffs' marks.  Pursuant

to 28 U.S.C. §1331 and 1338, this Court has original jurisdiction over civil actions arising under the Lanham Act as these claims arise under the Federal laws of the United States.

3. This Court also has jurisdiction over related state law claims pursuant to 28. U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendant which has engaged in a concerted effort to market its infringing services to New York residents. The Defendant engages in its business by soliciting customers over the internet and marketing these services heavily nationwide, including in this district.

5. Venue is properly laid in the Southern District of New York, pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this district.

## THE PARTIES

6. Plaintiff, Lion's Den Enterprises Inc. d/b/a Imperial Moving and Storage ("Lion's Den"), with an address at 83 Washington Place, New York, NY 10011, is a New York corporation with nationwide moving company which prior to the acts of the Defendants had an impeccable reputation for excellent, reliable moving and warehousing services.

7. Plaintiff Norber Holdings LLC ("Norber") is a New York limited liability company with an address at 83 Washington Place, New York, NY 10011. Norber is the owner of the IMPERIAL mark and has licensed it to Lion's Den, an affiliated entity.

8. Defendant, Imperial Moving Group LLC ("LLC Defendant"); upon information and belief, has its principal place of business at 160 W. Camino Real, Unit #512, Boca Raton, FL 33432 and is operated by Clement Dominic Knoll III; Rudolph Rice; and Daniel Metz.

9. Defendant Daniel Metz ("Metz" and with LLC Defendant, collectively, "Defendants") is, upon information and belief, the principal of the LLC Defendant and a serial violator of

the trademark laws in the moving industry.  Upon information and belief, Metz resides at 9981 NW 45TH ST, Coral Springs, FL 33065-1572.

<u>**FACTUAL BACKGROUND**</u>

10.  Plaintiff Norber is the owner of U.S. Trademark Registration No. 3,897,981 for the mark IMPERIAL on and in connection with "Furniture moving; Moving van services; Packing articles for transportation; Pick up, delivery and storage of personal property, excluding wines; Providing self-storage facilities for others; Storage and delivery of goods, excluding wines; Transport and delivery of goods; Transport and storage of goods, excluding wines; Transport services, namely, local, interstate and international moving services; Transportation and storage of goods, excluding wines; Transportation of furniture of others by trucks; and Warehouse storage, excluding storage of wines."

11. Plaintiff Lion's Den is the exclusive licensee of Norber for use of the subject mark.

12. This registration is incontestable.

13. Plaintiff Lion's Den is the owner of the imperialmovers.com and imperialmoving.com domain names.

14. Plaintiffs have spent substantial sums establishing, maintaining and promoting the IMPERIAL trademark.

15. The IMPERIAL trademark has come to be associated in the public mind solely with Plaintiffs and the services they provide.

16. Due to its exclusive and extensive use, the IMPERIAL trademark has attained value and recognition and is known to the consuming public and trade as identifying and distinguishing Imperial exclusively and uniquely as the source of origin for moving products and relocation services to which the IMPERIAL mark is applied.

17. The IMPERIAL trademark has become invested with substantial goodwill and consumer recognition and is among Imperial's most valuable assets.

18. As the owner of the IMPERIAL trademark, Norber has the exclusive right to use the IMPERIAL mark in commerce and it has never authorized or consented to its use, or that of or any reproduction, counterfeit, copy or colorable imitation thereof by the Defendant. Plaintiff Lion's Den is the only authorized user of the mark.

19. For the past several months, the Defendant has begun to offer moving services on the internet by aggressively marketing through Google by search engine optimization, and mover specific marketing sites under the name Imperial Moving Group.

20. LLC Defendant has used the websites at https://imperialmovinggroup.com, and https://imperialmover.com.

21. LLC Defendant's services are identical to those offered by the Plaintiff.

22. Plaintiff has received complaints from numerous customers of LLC Defendant who have confused LLC Defendant with Plaintiff.

23. Even worse, the LLC Defendant has generally provided poor service, including frequently defrauding customers, and thus damaging the Plaintiff's goodwill further.

24. Metz acted in conjunction with his company, LLC Defendant to use Plaintiffs' marks, and to unfairly compete with Plaintiffs.

25. Upon information and belief, the Defendants acted with reckless disregard for Plaintiff's rights.

26. Furthermore, the Defendants were notified on or about March 8, 2022 of the infringing acts and have failed to cease its infringing activity.

27. LLC Defendant has acknowledged that its activities were infringing on Plaintiff's marks, but has failed to take steps to cease infringing on Plaintiff's marks.

28. Plaintiff is aware of numerous customers who have been defrauded by the defendant and who have confused Defendant with Plaintiff.  These customers have posted on Plaintiffs' Facebook page, the Better Business Bureau and other internet sites, along with phone calls to the Plaintiffs.

29. On July 12, 2022, a customer by the name Stephanie Shore emailed Plaintiff to complain about anti-semitic comments being made in the background while she was on hold. Needless to say, she had been calling Defendant, but confused Defendants with the Plaintiff.

30. An online posting seen by Plaintiff on May 3, 2022 described "Imperial Moving Groups" as unprofessional for changing price quotes.  This again was not a customer of Plaintiff.

31. On March 22, 2022, Plaintiff received an email from a potential customer stating that she had read a review online that stated that "Imperial was a brokerage for small movers."  The customer stated that this was found in Google reviews.   Again, this was referring to Defendant, showing the actual confusion of Plaintiff's customers, and damage to Plaintiff's business.

32. The review on Google stated as follows:

*"Run from this company. They only provided one person to make the delivery and so I had to help him for the next 3 hours to bring our things in. Plus he was to assemble a dining table which is impossible to do with one person. He said his other team members did not show up. Imperial took no responsibility and said they were only brokers. Additionally, I things were transferred at least three times between movers (according to the driver) and was the cause of the damaged boxes which were crushed, sideways, and upside down. Hence many of our things were damages and broken. Now I have to work with their insurance. Hope it goes better with them. On the good side, they did answer their phone.*

33. Similarly, customers have referenced Plaintiffs' Boca Raton location on Plaintiff's Facebook page, referring to the Defendant.  Again, the worst part is that the customers are uniformly commenting negatively about them.

34. Plaintiff received similar complaints from numerous other customers, and have a file with at least 12 other customers who complained to Plaintiff after dealing with the Defendants.

35. After Plaintiff had counsel send a cease and desist letter on March 8, 2022, the Defendants, through their counsel, stated on March 24, 2022 that they would cease using the IMPERIAL mark and cease using the domain names.

36. To date, the Defendants have not stopped using the marks and has not ceased use of the domain names with the word imperial in it.

37. Defendant is capitalizing on Plaintiff's goodwill reputation to enhance the promotion and sales of Defendants' own services for commercial purposes and financial gain.

38. Plaintiff has been and continues to be injured by the Defendants' unlawful acts, both in this district and nationwide.

39. Defendants acted with actual and constructive notice of Plaintiff's marks, and its extensive and continuous use of the marks in relation to moving and warehousing services.

40. Defendants acted willfully and with knowledge of the infringement it would cause, and with intent to cause confusion, mistake or deception, and to appropriate and unfairly trade upon Plaintiff's extensive reputation and goodwill in the IMPERIAL mark.

## FIRST CAUSE OF ACTION

### (Trademark Infringement Under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a))

41. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

42. Plaintiff's Marks are valid, federally registered trademarks entitled to protection under the Lanham Act.

43. Plaintiff's Marks and the goodwill of the businesses associated with them in the United States and throughout the world are of great and significant value, are highly distinctive and the public and industry associate Plaintiff's services with high quality, honest moving services.

44. The Defendants are engaging in intentional illegal conduct including but not necessarily limited to, the promotion, advertisement, offer for sale, sale and distribution of obvious counterfeit services in violation of the Lanham Act, as amended.

45. As alleged above, the Defendants have intentionally used the Plaintiff's Marks to market their services under Plaintiff's name.

46. The Defendants' actions and sale of products using the Plaintiff's Marks is likely to cause consumer confusion in violation of 15 U.S.C. §1114 by, among other things, selling services of inferior quality under the brand, defrauding customers and damaging Plaintiff's goodwill.

47. These actions also constitute unfair competition under 15 U.S.C. §1125(a) by misleading customers searching for Plaintiff online. The Defendants' actions are willful and purposeful, in violation of 15 U.S.C. §1117, entitling Plaintiff to attorney's fees and enhanced damages.

48. Plaintiff has been damaged by the infringement in an amount to be determined at trial. At this time, Plaintiff is unable to state the precise amount of damages to its reputation. .

49. Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by the actions of the Defendant.

50. Plaintiff has no adequate remedy at law for the foregoing wrongful conduct.


## SECOND CAUSE OF ACTION

### (Cyperpiracy Prevention under 15 U.S.C. § 1125(d))

51. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

52. Defendants registered domain names that are identical or confusingly similar to the mark at issue.

53. The registration of the domains was in bad faith and to capitalize on Plaintiffs' goodwill.

54. Defendants were seeking to capitalize on the stellar reputation of Plaintiffs, while also defrauding their own customers.

55. Defendants have tarnished the mark, caused confusion and disparagment of the mark.

56. Defendants have registered multiple infringing domain names.

57. Defendants have also hidden the identity of the person responsible for registering the domain names.


## THIRD CAUSE OF ACTION

## Trademark Infringement and Unfair Competition under New York Law

58. Plaintiffs repeat and reallege each and every allegation in the  foregoing paragraphs as though fully set forth herein.

59. The acts complaint of above constitute trademark infringement and unfair compeittion in violation of Plaintiffs' rights under the common law of the State of New York and N.Y. Gen. Bus. Law § 368-e.

## FOURTH CAUSE OF ACTION

### Deceptive Acts and Practices

60. Plaintiffs repeat and reallege each and every allegation in the  foregoing paragraphs as though fully set forth herein.

61. The acts complaint of above constitute constitute deceptive acts and practices under and N.Y. Gen. Bus. Law §§ 349-350.

WHEREFORE, Plaintiffs seek judgment against the defendant in their favor as follows:

A. Declare that Defendants' unauthorized conduct violates Plaintiffs' rights under the Lanham Act, the common law of New York and the New York General Business Law.

B. Immediately and permanently enjoin the Defendants, their agents, servants, employees, representatives, attorneys, related companies, successors, assigns and all others in active concert or participation with them from

    a.  Using the designation Imperial or any confusingly similar designation;

    b.  From doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public, or to lead consumers into the belief that products or services sold, offered for sale, or distributed by Defendants are

authorized, sponsored, licensed, endorsed, promoted, or condoned by Plaintiffs, or are otherwise affiliated with Plaintiffs;

c.  Representing by any means whatsoever, directly or indirectly, that any products or services provided by Defendants are offered, provided by, or approved by Plaintiffs, or from otherwise taking any action likely to cause confusion, mistake or deception on the part of consumers as to the origin or sponsorship of such products or services;

d.  Otherwise competing unfairly with Plaintiffs in any manner;

e.  Continuing to perform in any manner whatsoever any of the other acts complained of in this complaint; and

f.  Aiding any other party in any doing any acts prohibited by this paragraph.

C.  Direct Defendants to provide a complete accounting of their infringing activities and to deliver to Plaintiff any and all materials or products in their possession containing the Imperial mark.

D.  Order Defendants, pursuant to 15 U.S.C. § 1116, to serve on Plaintiffs within 30 days after service on Defendants of preliminary or permanent injunction orders, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunctions;

E.  Order Defendant to account to Plaintiffs for Defendants' profits and any damages sustained by Plaintiffs arising from Defendants' acts of trademark infringement and unfair competition and order that Plaintiffs be awarded the greater of (i) three times Defendants' profits or (ii) three times any damages sustained by Plaintiff under 15 U.S.C. § 1117, plus prejudgment interest;

F.  $100,000 per domain name registered in violation of 15 U.S.C. § 1125(d);

G.  Order Defendants to pay Plaintiffs enhanced damages for their oppression, fraud, malice, and gross negligence, whether grounded on proof of actual damages incurred by Plaintiffs or on proof of Defendant's unjust enrichment;

H.  Awarding Plaintiff the costs and disbursements of this action, including reasonable counsel fees, costs and reimbursements of expenses, including expert fees, in amounts to be determined by the Court;

I.  Awarding prejudgment interest; and

J.   Granting such other and further relief as is just and proper.

**THE LAW OFFICE OF AVRAM E. FRISCH  LLC**

Hackensack, New Jersey
Dated: July 26, 2022

/s/ Avram E. Frisch_____
Avram E. Frisch, Esq.
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
*Attorney for Plaintiff*